IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Keisha Wallace
2326 N 18th street,
Philadelphia , PA 191132, Plaintiff,
vs.
GC Services Limited Partnership aka
GC Services Ltd. Partnership
6330 Gulfton, Houston, TX 77081

**19     4047**

CIVIL ACTION NO.

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for damages brought by a consumer pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2.    The FDCPA prohibits debt collectors from engaging in deceptive and unfair

practices in the collection of a consumer debt.

3.    Defendant is subject to strict liability for attempting to collect on time barred debt

without so stating, and failing to provide adequate disclosure regarding effects of subsequent

payment or payment arrangements on otherwise time barred debt, as well as making misleading

statements regarding status of the debt and failing to provide proper statutory disclosures

regarding the validation of the debt, and interference with right of validation of debt.

4.    Defendant is further subject to strict liability for falsely representing the character,

amount, or legal status of the debt,, in violation of  at least §1692e.

### II.    JURISDICTION

5.    Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k and 28

U.S.C. §1337.

1

6.    The venue is proper in this Court, as Defendant regularly conducts business within the Eastern District of Pennsylvania and the dunning letter was dispatched by the Defendant to Plaintiff's residence at the address captioned above, dates August 6th 2019, within the Eastern District of Pennsylvania. See **Exhibit A.**

## III.    PARTIES and FDPCA COVERAGE

7.    Plaintiff, Ms. Keisha Wallace ("Plaintiff" ) is an adult individual who resides at the address captioned above.

8.    Plaintiff is a "consumer" as that term is contemplated under the FDCPA, 15 U.S.C. §1692a(3), as the alleged debt sough to be collected from consumer in this instance stems from her higher education provider, in tuition and related fees, and this is considered consumer debt, covered under the FDCPA, as it is for primarily for personal and household expenses.

9.    Defendant, GC Services Limited Partnership,
(hereafter the "debt collector"), is a "debt collector" within the meaning of the FDCPA 15 U.S.C. §1692a (6), and by own written admissions, as it regularly collects debt on behalf of another or owed to another, as it uses often uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of debts.

10.    Defendant is subject to liability as a "debt collector" under the meaning of FDCPA via respondent superior doctrine, due to engaging, via its agents or employees in regular debt collection activities, as described in previous paragraph herein.

11.    Debt collector's communication at issue herein, alleged that at the time the dunning letter was sent, the original and "creditor", of the debt at issue herein, was "Navient". *See* Exhibit **A.**

## IV.    STATEMENT OF CLAIM

12. On or about August 6th 2019, the debt collector sent to Plaintiff a dunning letter, ("the letter"). *See* a true and correct copy collection letter attached as **Exhibit A** hereto.

13. This letter is considered a communication from a debt collector to the consumer and regarding "the debt", and as well as "an attempt to collected debt" within the meaning of the FDCPA, and as such it violates the FDCPA in at least several ways to be delineated below:

a. The alleged underlying debt is beyond and past any applicable statute of limitations, (Pennsylvania's 4 year statute of limitations **42 Pa.C.S.A. §5525(a)**, however the dunning letter fails to appraise Plaintiff of that fact, rather it invited consumer to make a a payment arrangement, *defacto* settlement, while failing to disclose either that the debt was time barred and or that the payment arrangement could have the effect of reviving the statute of FDCPA,.

b. Inviting a "payment plan" and or "series of payments", as the letter at issue does, without disclosing that it is time-barred, as is the case here, and without disclosing that any such payment arrangement could have the effect of restarting the SOL clock, and reviving otherwise time barred debt in full, violates §1692e. See Tatis v. Allied Interstate, LLC, 2018 WL 818004 (**3d Cir**. Feb. 12, 2018).

a. The debt collector was required to inform the consumer of the fact that making any partial payments, which the letter is inviting the consumer to do, or a even entering into a repayment plan, could and would have the effect of reviving the statute of limitations, all of which the Defendant failed to do. *See Id. see also,* Pantoja v. Portfolio Recovery Assocs., L.L.C., _ _ F.3d _, 2017 WL 1160902 (7th Cir. Mar. 29, 2017). Affirming summary judgment for the consumer's §1692e claim against Defendant for offering to settle a time-barred debt without disclosing that 1) making a partial payment or even

3

promising to make a partial payment could restart the statute of limitations on a 20 year old debt and 2) that Defendant was legally prohibited from suing on the debt. The court concluded that an unsophisticated consumer might reasonably read defendant's statement that *"[b]ecause of the age of your debt, we will not sue you"* to mean that the defendant was simply choosing not to sue. See generally Id. § 5.5.2.13.3. Here the letter is devoid of any notice regarding the fact that the underlying debt is time barred.

b.   The letter interferes with consumer's substantive right of debt validation under §1692 g, as it invites a significant payment from the consumer without first providing the notice of consumer's statutory right to verify the validity of the debt, and trigger debt collector's statutory duties to validate, should consumer exercise her statutory right in requiring validation.

c.   The letter falsely states that the amount due as of the day of the letter is $ 91 215.99, which is the incorrect amount.

d.   The letter uses following language in the relevant part " *because of interest, late charges, and other charges that may vary from day to day, the amount due the day you pay may be greater*". See Exhibit A.

e.   There are no charges that are assessable to this account, pursuant to the terms of the chargoff, and to the extent that there may be, those charges are specifically limited to late charges and interest, so that the language "*and other charges that may vary from day to day*" is plainly false, or at least misleading in violation of 1692 e, the ambiguity of which is carefully drafted by the debt collector to induce undue anxiety on the part of the consumer that she better pay off asap, or the debt would balloon outside of parameters known to her, or even quantifiable by her with the information from the letter.

4

14.     Defendant's conduct was intentional and pervasive and premeditated.


**WHEREFORE,** Plaintiff, Keisha Wallace, demands judgment against the Defendant for:

  (a)     Statutory Damages;

  (b)     Attorney's fees and costs; and

  (c)     Actual damages

  (c)     Such other and further relief as the Court shall deem just and proper.

## V.     **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:   09/04/2019         /s/Predrag Filipovic, *Esq. (312568)*
Attorney for Plaintiff
IFIght4Justice L/O of Predrag Filipovic, Esq
1735 Market St.Ste 3750
Philadelphia, PA 19103
www.StopRipoff.com
PFesq@ifight4justice.com


Enclosures: **Exhibit A;**

5

EXHIBIT "A"

7

CDGCSV90  049
PO Box 1280
Oaks PA  19456-1280
ADDRESS SERVICE REQUESTED

 **GC Services Limited Partnership**
6330 Gulfton, Houston, TX 77081

August 6, 2019

 **Please call:  855-853-5534**
Calls may be monitored or recorded.

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

333657246
Keisha Wallace
2326 N 18Th St
Philadelphia PA 19132-4315

**P.O. BOX 1161**
**HOUSTON TX 77251**

---

| YOU OWE: **NAVIENT SOLUTIONS** | Account Number: 664542 |
|---|---|

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

August 6, 2019      GC Services Limited Partnership      Account Number: *664542*
Balance Due: *$91,215.99*

Dear KEISHA WALLACE,

Welcome to GC Services! The mission of GC Services is to assist consumers with resolving their student loan debts. We strongly feel one-on-one communication with consumers is the best approach.

GC Services offers repayment programs designed to assist borrowers with resolving their student loan debt. The programs provide flexibility to allow for payment amounts that are reasonable and affordable. Our Borrower Assistance Representatives will discuss your current financial, employment, and personal circumstances and design a repayment program that best fits your needs.

We encourage you to take this opportunity to call us at 855-853-5534 to discuss your repayment options. We have Borrower Assistance Representatives to assist you from: Mon-Thur 8AM to 9PM, Fri 8AM to 5PM, Sat 8AM to noon CT

Yours very truly,

M. Mitchell
Collection Manager

*As of the date of this letter, you owe $91,215.99. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081

0763-18     PL1     0702300006645423     53596896